UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VERRAGIO, LTD, <br><br> Plaintiff, <br><br> -against- <br><br> US JEWELRY FACTORY INC. <br><br> Defendant. | No. 20 Civ. 2713 (CM) |

**ORDER**

McMahon, J.:

    On March 15, 2021, this Court entered a default judgment against Defendant, US Jewelry Factory Inc. (Dkt. 18.) On July 15, 2021, Defendant filed a motion to vacate the default judgment and reopen the case, arguing that it did not receive a copy of the pleadings before the Clerk of Court entered a certificate of default on May 22, 2020 (dkt. 12) – and so never had an opportunity to respond to the complaint. (Dkt. 24).

    The part about never having an opportunity to respond to the complaint may not actually be true. This court as a matter of practice does not enter default judgments automatically when a certificate of default issues. Instead – to avoid precisely the situation facing me now – my rules require a plaintiff seeking a default judgment to serve on the defendant a copy of a motion for a default judgment, together with a cover notice that describes the consequences of failing to respond to the motion. The docket sheet in this case indicates that the Plaintiff did indeed make a motion for a default judgment, and that it served the same on the defendant by mailing a copy to 71 West 47th Street, New York, NY – which, I assume, is the defendant's place of business. If that is true, the fact that the defendant did not receive a copy of the pleadings before the court entered the default judgment would be of little moment.

    Nonetheless, defendant represented in its moving papers that the first it knew of this lawsuit was when its bank account was attached on June 22, 2021. So before I rule on the motion, I need to know what the defendant knew and when. Plaintiff needs to respond to the motion to vacate; I give it until August 13, 2021 to do so. In its response, plaintiff should attach the proof of service of the original complaint on the secretary of state. I note that there seems to be a discrepancy between (1) the address that is on file for the defendant corporation with the Secretary of State (21 West 46th Street) and (2) the address for Defendant that Plaintiff included on the summons, and to which Plaintiff mailed a copy of the notice of motion for default judgment and a copy of the default judgment (71 West 47th Street). (*See* dkt. 4, 17, 20). We need to clarify whether the original summons and complaint was sent to the Defendant at the wrong address – and if so,

whether that it because someone in Albany made a mistake or because the Defendant moved its place of business but failed to notify the Secretary of State.  Alternatively, it is possible that the Secretary of State has the correct address and Plaintiff is using the wrong one. Or it is possible that the Defendant uses two different addresses in the Diamond District – one for a corporate office and another for its actual place of business operation.

While the Court has been inclined to be somewhat lenient with defaults that occurred at the height of the pandemic – as this one did – all this needs to be cleared up.

Plaintiff has until August 27, 2021 to file its reply.


Dated: July 23, 2021

*[signature]*

District Judge


BY ECF TO ALL COUNSEL