UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

VERRAGIO, LTD,

           Plaintiff,

   -against-                                    20 Civ. 2713 (CM)

U.S. JEWELRY FACTORY,

           Defendant.

------------------------------------------------------X

## OPINION GRANTING MOTION TO VACATE DEFAULT JUDGMENT

McMahon, J.:

    On September 20, 2021, this court granted defendant's motion to vacate a default judgment entered against him on March 15, 2021 (Docket #37), which had resulted in a restraint against defendant's bank account that was preventing the defendant from paying business expenses. (Docket #36).

    The September 20 memo endorsement indicated that an opinion would follow. This is that (brief) opinion.

    For reasons unknown to the court, the parties have briefed this motion as though this action were pending in the New York State Supreme Court, where New York's Civil Practice Law and Rules govern. In this federal court, Fed. R. Civ. P. 55 governs all aspects of default judgments, including their vacatur.

    Fed. R. Civ. P. 55(b) provides that a default judgment may be vacated "for good cause shown," and that a final judgment of default may be vacated pursuant to Fed. R. Civ. P. 60(b), which allows a court, on motion and just terms, to relieve a defendant from a final judgment in cases of mistake, inadvertence, surprise or excusable neglect, or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) and (6).

    I conclude that defendant has shown good cause to vacate the default that was entered in this case, and the circumstances justify relief.

    There are three reasons why I reach this conclusion.

First, I find by clear and convincing evidence that the defendant had no notice of the pendency of this action until after a certificate of default was issued by the Clerk of Court on May 22, 2020 (Docket #12). This action was filed on April 1, 2020 – at the beginning of the devastating first wave of COVID infections, and just a few days after the state-wise shutdown of non-essential businesses (which includes jewelry sales), which occurred on March 22, 2020. As a result of "New York On Pause," the defendant's principal was not present at its offices when the lawsuit was filed or for some months thereafter, and so could not be personally served – though, as in so many cases I have seen, it does not appear that any effort was made to serve defendant at its principal place of business, which was known to plaintiff because a cease and desist letter had been sent there some years earlier. Instead, the plaintiff purported to serve defendant through the Secretary of State of New York (Docket #8). Given that many state offices were closed during the height of the pandemic last spring and personnel were working remotely, this court has no way of knowing whether or when the Secretary of State might have forwarded the summons and complaint to defendant's place of business. The defendant has averred – repeatedly -- that he did not receive it, and I am inclined to believe him, if only because I have heard the same from other defendants who were sued during the pandemic and served via the Secretary of State.

Defendant suggests that Plaintiff deliberately waited until after the pandemic began to resurrect a stale dispute and start a lawsuit in a manner that would facilitate an inadvertent default on its part. I need not make any finding about that suggestion in order to conclude that the defendant's original default -- the default that led to the issuance of the certificate of default – was inadvertent and unavoidable in the circumstances.

However, as I pointed out in my order of July 23, 2021 (Docket #28), this court tries to avoid dealing with motions to vacate default judgments by requiring a plaintiff to make a motion for a default judgment, which must be (1) served in the same manner as a summons, and (2) legended with a notice, in large type, that advises the defendant of the consequences of failing to respond to the motion. Plaintiff did make such a motion, six months after obtaining the certificate of default, in November 2020 (Docket #13). The motion complied with this court's Individual Practices in that it contained the requisite large type notice of consequences.

Unfortunately, the motion for a default judgment was not served in the same manner as a summons; it was simply mailed to the defendant's principal place of business at 71 West 47th Street, #402, New York, New York. That is not a proper manner for effecting service of process by mail under either New York law, see CPLT 312-a, or federal law, see Fed. R. Civ. P. 4(h). Service by mail requires the sending of an acknowledgement of receipt – which, if not returned within the statutory period, means that the defendant must be served using other means (in the case of a corporation, Alternatively, the defendant corporation could have been served by delivering (not mailing) a copy of the motion to the defendant's principal or to the Secretary of State. That was not done. So technically, the plaintiff failed to comply in every particular with this court's rule. Given the draconian consequences that can follow from a default judgment, I am a stickler for doing this by the book -- especially in the unusual and difficult circumstances created by the pandemic.

Since I cannot conclusively determine that defendant was actually aware of the lawsuit prior to the attachment of its bank accounts, I conclude that defendant acted promptly once it

indisputably became aware of the entry of a judgment against it. That counsels in favor of vacatur. So does the fact that not much would have happened to move this lawsuit forward during the initial months of the pandemic; plaintiff has not been greatly prejudiced by any delay.

Finally, there is a preference in federal courts for resolving cases on their merits rather than by default. *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981); *American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996). The defendant contends that it has meritorious defenses. After reviewing the record, I conclude that this may be so. Specifically, I note that (1) it appears from the photographs submitted by defendant that there is a triable issue of fact concerning the similarity between the design of Verragio's copyrighted ring design and defendant's allegedly infringing ring design; and (2) defendant avers without contradiction that it has not sold the allegedly infringing ring design since it received plaintiff's cease and desist letter – which was sent two and one half years prior to the filing of this lawsuit – which, if true, makes the damages awarded on default outsized. Defendant also raises a statute of limitations defense; plaintiff protests that its lawsuit was timely, but the affidavit attesting to when plaintiff became aware of defendant's alleged infringement was sworn out by plaintiff's attorney, who is perhaps not a competent witness on this point.

Given all of the above, the court prefers to resolve this lawsuit on the merits. Accordingly, defendant's motion for vacatur of the default judgment (Docket #24) is GRANTED, and the judgment is vacated.

Defendant needs to understand that I have cut it a break; I will not be inclined to do so again. Defendant needs to comply in every particular with its obligations under the Federal Rules of Civil Procedure, and to participate actively in this litigation. Put more directly: no more defaults.

Defendant's answer to the complaint is due on October 8, 2021. The parties have until October 22, 2021 to present the court with a Case Management Plan; otherwise we will schedule a Rule 16 conference and I will impose a schedule. The court will not extend these deadlines.

This constitutes the decision and order of the court. The Clerk is directed to remove the motions at Docket #24 and #36 from the court's list of open motions.

Dated: September 27, 2021

                                                                                     U.S.D.J.

BY ECF TO ALL COUNSEL