UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
VERRAGIO, LTD.,

        Plaintiff,

vs.

U.S. JEWELRY FACTORY,

        Defendant.

------------------------------------x

U.S. JEWELERY FACTORY,

        Counterclaimant,

vs.

VERRAGIO, LTD.,

        Counter-defendant.

------------------------------------X

Civil Action No.: 1:20-cv-02713-CM

STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/28/2022

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel to the parties to the above-captioned action, as follows:

1. This Stipulation is being entered into to facilitate the production, exchange and discovery of documents that the parties agree merit confidential treatment (hereinafter the "Documents").

2. Either party may designate Documents produced in connection with this action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY" either by

{12006263:1}     1659142.1

notation on the document, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

3. As used herein:

(a) "Confidential Information" shall mean all Documents, and all information contained therein, and other information designated as confidential, if such Documents contain personally identifiable information, trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

(b) "Highly Confidential Information—Attorney's Eyes Only" shall mean extremely sensitive "Confidential Information" disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

(c) "Producing party" shall mean the parties to this action and any third-parties producing "Confidential Information" or "Highly Confidential Information—Attorney's Eyes Only" in connection with document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

(d) "Receiving party" shall mean the party to this action and/or any non-party receiving "Confidential Information" or "Highly Confidential Information—Attorney's Eyes Only" in connection with document production or otherwise.

4. The Receiving party may, at any time, notify the Producing party that the Receiving party does not concur in the designation of a document or other material as "Confidential Information" or "Highly Confidential Information—Attorney's Eyes Only". If the Producing party does not agree to declassify such document or material, the Receiving party may

{12006263:1}
1659142.1

2

move the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as "Confidential Information" or "Highly Confidential Information—Attorney's Eyes Only". If such motion is filed, the documents or other materials shall be deemed "Confidential Information" or "Highly Confidential Information—Attorney's Eyes Only" unless and until the Court rules otherwise.

5. Except with the prior written consent of the Producing party or by Order of the Court, "Confidential Information" shall not be furnished, shown or disclosed to any person or entity except to:

a. plaintiff, defendants, third-party plaintiffs, or third-party defendants actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

b. counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

c. expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such "Confidential Information" is furnished, shown or disclosed in accordance with paragraph 8 hereof;

d. the Court and court personnel;

e. trial or deposition witnesses; and

  f. any other person agreed to by the parties.

  6. Except with the prior written consent of the Producing party or by Order of the Court, "Highly Confidential Information—Attorney's Eyes Only" shall not be furnished, shown or disclosed to any person or entity except to:

  a. counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

  b. expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such "Highly Confidential Information—Attorney's Eyes Only" is furnished, shown or disclosed in accordance with paragraph 8 hereof;

  c. the Court and court personnel; and

  d. any other person agreed to by the parties.

  7. "Confidential Information" and "Highly Confidential Information—Attorney's Eyes Only" shall be utilized by the Receiving party and its counsel only for purposes of this litigation and for no other purposes.

  8. Before any disclosure of "Confidential Information" or "Highly Confidential Information—Attorney's Eyes Only" is made to an expert witness or consultant pursuant to paragraphs 5(c) and 6(b) hereof, counsel for the Receiving party shall provide the expert's written agreement, in the form of Exhibit "A" attached hereto, to comply with and be bound by

{12006263:1}
1659142.1

4

its terms. Counsel for the party obtaining such an agreement executed by an expert witness or consultant shall supply a copy to counsel for the other party at the time of the disclosure of the information to the expert witness or consultant, except that any such agreement signed by an expert witness or consultant who is not expected to be called as a witness at trial is not required to be supplied.

9. This Stipulation shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated as "Confidential Information" or "Highly Confidential Information—Attorney's Eyes Only" under the terms hereof.

10. Any person receiving "Confidential Information" or "Highly Confidential Information—Attorney's Eyes Only" shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

11. Any document or information that may contain "Confidential Information" or "Highly Confidential Information—Attorney's Eyes Only" that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraph 2 of this Stipulation, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

12. Extracts and summaries of "Confidential Information" or "Highly Confidential Information—Attorney's Eyes Only" shall also be treated as confidential in accordance with the provisions of this Stipulation.

13. The production or disclosure of "Confidential Information" or "Highly Confidential Information—Attorney's Eyes Only" shall in no way constitute a waiver of any party's right to object to the production or disclosure of other information in this action or in any other action.

14. This Stipulation is entered into without prejudice to the right of any party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York and any other applicable rule or law.

15. This Stipulation shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing party or further order of the Court with respect to dissolution or modification of the Stipulation. The provisions of this Stipulation shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action.

16. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

17. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all "Confidential Information" or "Highly Confidential Information—Attorney's Eyes Only" produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing

within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

18. Deposition transcripts and trial transcripts of this litigation, or portions thereof, may be designated as "Confidential Information" or "Highly Confidential Information—Attorney's Eyes Only" and shall be used only for purposes of this litigation.

19. This Stipulation may be changed by order of the Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

**ADDENDUM PURSUANT TO JUDGE MCMAHON'S LOCAL RULES**

20. The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

21. It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The

Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

22.   The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

23.   If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

Dated: Los Angeles, California  
January 28, 2022

Respectfully submitted,

**TUCKER ELLIS LLP**

By ___/s/ Howard A. Kroll_____  
Howard A. Kroll  
515 S. Flower Street, 42nd Floor  
Los Angeles, California 90071  
(212) 430-3400  
howard.kroll@tuckerellis.com

*Attorneys for Plaintiff Verragio, Ltd*

Dated: New York, New York  Respectfully submitted,
January 28, 2022

**MESTECHKIN LAW GROUP P.C.**

By  /s/ Nancy Lam
    Oleg A. Mestechkin
    Wing K. Chiu
    NancyLam
    1733 Sheepshead Bay Road, Suite 29
    Brooklyn, New York 11235
    Telephone: 212-256-1113
    Facsimile: 646-365-2069
    om@lawmlg.com
    wkc@lawmlg.com
    nl@lawmlg.com

*Attorneys for Defendant*
*US JEWELRY FACTORY INC.*

Dated: January __, 2022

SO ORDERED: _____
Hon. Colleen McMahon
UNITED STATES DISTRICT JUDGE

Dated: _____, 2022

## EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

VERRAGIO, LTD.,

       Plaintiff,

vs.

U.S. JEWELRY FACTORY,

       Defendant.

------------------------------------x

U.S. JEWELERY FACTORY,

       Counterclaimant,

vs.

VERRAGIO, LTD.,

       Counter-defendant.

------------------------------------x

Civil Action No. 1:20-cv-02713-CM

AGREEMENT WITH RESPECT TO
CONFIDENTIAL MATERIAL

    I, _____, state that:

    1.    My address is _____.

    2.    My present employer is _____.

    3.    My present occupation or job description is _____.

    4.    I have received a copy of the Stipulation and Order for the Production and Exchange of CONFIDENTIAL INFORMATION (the "Stipulation") entered in the above-entitled action on _____.

5. I have carefully read and understand the provisions of the Stipulation.

6. I will comply with all of the provisions of the Stipulation.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

8. I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.

Dated:

_____